## B. HAYNES, Liquidator, &c. v. SUCCESSION OF J. A. BECKMAN.

The Clinton and Port Hudson Railroad Company had, by its charter, power to transfer, by endorsement, negotiable notes belonging to it.

The cashier of a bank is the executive officer of the bank. He is entrusted with its notes and bills, and with the collection and transfer of them in the ordinary course of business. A note made payable to his order is just as negotiable as if made payable to the order of the bank.

The character of a note, as to negotiability, is not changed by the insertion of a contract of pledge in the body of the note.

Negotiable paper is barred by five years prescription. C. C. 3505.

APPEAL from the District Court of East Feliciana, *Sterling*, J. *E. P. Ellis*, for plaintiff, cited, to show that the note was not negotiable, and consequently

not barred by prescription. Acts 1834, p. 118, sec. 11.   3 Kent, 49.   Story on Bills, 61.   Chitty on Bills, 180, 218.

*E. T. Merrick* and *W. D. Winter*, for defendant, cited, to show the negotiability of the note, *Fleckner* v. *Bank of United States*, 8 Wheaton, 338.   *Miner et al* v. *Mechanics' Bank*, 1 Peters, 46, 70.   Story on Bills, p. 132, § 127.   Angell and Ames on Corp., 295, 296.   Story on Agency, 130, 131, § 114.   To show the power of the Bank as to negotiable paper, *Myers* v. *DeLee*, 1 R. R. 516.

The judgment of the court was pronounced by

SLIDELL, J.   The plaintiff is the liquidator of the affairs of the Clinton and Port Hudson Railroad Company, a corporation which was clothed with banking powers.   The sole question presented for our consideration is, whether the instrument upon which the action is brought is barred by the prescription of five years, established in art. 3505 of the code.   Its language is, "Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable by endorsement or delivery, are prescribed by five years, reckoning from the day when these engagements were payable."

The instrument is of the following tenor: "Jackson, La., 4th, February, 1840.   $640.   Twelve months after date I promise to pay to the order of *L. Sturges*, Cashier of the Clinton and Port Hudson Railroad Company, or his successor in his office, the sum of six hundred and forty dollars, for value received, payable and negotiable at said office in Jackson, and waiving the usual bank notice, herewith leaving in pledge, to secure the payment of the said sum, my certificate of ten shares of cash stock of said company, upon which eight dollars per share have been paid, and hereby authorizing said cashier, or his successor in office, to sell or transfer my said stock for the payment of said sum, or otherwise dispose of my stock as is customary in such cases, if said sum be not otherwise paid.   J. A. BECKMAN."

The plea was sustained in the court below, and the plaintiff has appealed.

In *Myers* v. *DeLee* it was held, that this corporation had power, under its charter, to transfer, by endorsement, notes belonging to it.   1 R. R. 516.   There was, therefore, nothing in the fact of the instrument being made in favor of the corporation, to affect its negotiable character.

But it is said, that the instrument is payable to the order of the cashier, who is a mere servant of the company, and without power to convey the instrument by endorsement without a resolution of the directors.   We see no reason to suppose from the charter, that the Legislature intended to place this banking institution upon a different footing, as regards the conduct of its business, from other banks.   The ancient strictness on the subject of corporate action has been long since reformed, from considerations of general convenience and policy ; and it is now well settled, that in case of promissory notes held by banks, an endorsement by the cashier of the bank, in his official character, is sufficient, at least *primâ faciè*, to pass the title of the bank thereto.   See *Fleckner* v. *Bank of United States*, 8 Wheaton, 360.   *Wild* v. *Bank of Passamaquoddy*, 3 Mason, 507.   Story on Notes, § 127.   The cashier of a bank is held out to the world as its executive officer, entrusted with its notes and bills, and the collection and transfer of them in the ordinary course of its business.   Viewing him as a person standing in this relation to the bank, we are unable to perceive why the note was less negotiable by being made payable to the order of the cashier, than it would have been if made payable to the order of the bank.

The language used in the instrument clearly manifests the maker's intention to clothe it with negotiability.   The statement it contains touching the pledge is

HAYNES
*v.*
SUCCESSION OF
BECKMAN.

not inconsistent with the intention to make it negotiable. If the pledge had been embodied in a separate instrument, it certainly would not have affected the negotiability of the note; and we do not see why the incorporation of the agreement of pledge, in itself, should have that effect.

Judgment affirmed, with costs.